IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 24-cv-02439-RMR

JOSEPH and SERENA WAILES, et al.,

    Plaintiffs,

v.

JEFFERSON COUNTY PUBLIC SCHOOLS
and JEFFERSON COUNTY PUBLIC
SCHOOLS' BOARD OF EDUCATION;

    Respondents,

---

## ORDER

---

This matter is before the Court on Defendants Jefferson County Public Schools and Jefferson County Public Schools' Board of Education's ("Jeffco") motion for leave to take limited expedited discovery under Federal Rule of Civil Procedure 26(d)(1). ECF No. 19. Defendants seek leave to depose three witnesses in advance of their deadline to respond to Plaintiffs' Motion for Preliminary Injunction. For the following reasons, Defendants' Motion is DENIED.

### I.    BACKGROUND

Plaintiffs are parents and children who claim Jeffco's policy regarding how students are roomed on school-sponsored overnight trips violates their constitutional rights. On September 4, 2024, Plaintiffs filed suit against Jeffco, alleging Jeffco "violated [their]

fundamental rights by refusing to give them truthful, pertinent information about their children's overnight accommodations, thus frustrating their ability to make informed decisions about their children's education and related matters." ECF No. 1 ¶ 9. They allege "[t]his constitutional violation also threatens the children's right to bodily privacy, which is implicit in the concept of ordered liberty." *Id.*

Three weeks later, Plaintiffs filed a Motion for Preliminary Injunction ahead of an alleged upcoming overnight trip to Outdoor Lab in early November. ECF No. 15. The Motion for Preliminary Injunction "ask[s] the Court to preliminarily enjoin JeffCo from assigning Student Plaintiffs to beds, bedrooms, and shower facilities with students of the opposite sex during any school-sponsored overnight trips." *Id.* at 1. The Court set a briefing schedule, and Jeffco's deadline to respond to the Motion for Preliminary Injunction is currently October 14, 2024. ECF No. 18.

In the instant motion, Jeffco seeks to conduct depositions of three Plaintiffs, Serena Wailes, Rob Perlman, and Jade Perlman, on an expedited basis in order to address the uncertainty about who made the statements that form the basis of Plaintiffs' claims and the specific factual details that appear to contradict what Jeffco's investigation has shown to date. ECF No. 19 at 4-5. Jeffco asserts they cannot adequately respond to the Motion for Preliminary Injunction without the requested discovery. *Id.* at 2. Plaintiffs oppose the request because Jeffco "ha[s] failed to show how the depositions they seek on retrospective factual matters are reasonable or necessary given the narrow, prospective relief sought by Plaintiffs' Motion for Preliminary Injunction." ECF No. 21 at 1.

2

## II. LEGAL STANDARD

"A party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures." *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003). The good cause standard may be satisfied when a party seeks a preliminary injunction. *Id.*; accord Fed. R. Civ. P. 26(d) Advisory Committee Notes on 1993 Amendment (early discovery "will be appropriate in some cases, such as those involving requests for a preliminary injunction"). However, in every case, the Court has the discretion, in the interests of justice, to prevent excessive or burdensome discovery. *See* Fed.R.Civ.P. 26(b)(2). Thus, such discovery should be narrowly tailored to seek information necessary to support the application for preliminary relief. *Advantage Sales & Mktg. LLC v. Gold*, No. 18-cv-00312-RM, 2018 WL 6252781, at *1 (D. Colo. Feb. 13, 2018); *accord Qwest*, 213 F.R.D. at 420 (court should consider scope of requested discovery when applying good cause standard). It is "well within the court's discretion to decline to authorize expedited discovery." *Washington v. Correia*, 546 F. App'x 786, 787 (10th Cir. 2013)

## III. ANALYSIS

Jeffco argues good cause exists to permit expedited discovery because their requests are narrowly tailored, and they cannot adequately respond to the Motion for Preliminary Injunction without the requested depositions. ECF No. 19 at 2. Plaintiffs oppose Jeffco's request. ECF No. 21. They contend Jeffco has not shown good cause for expedited discovery because the requested depositions seek information that is either

3

unnecessary for resolution of the Motion for Preliminary Injunction or is otherwise within Jeffco's knowledge and control. *Id.* at 2.

To establish good cause, Jeffco must show that the requested discovery is narrowly tailored and limited to that which is necessary to resolve the Motion for Preliminary Injunction. *See, e.g.*, *Avaya, Inc. v. Acumen Telecom Corp.*, No. 10-CV-03075-CMA-BNB, 2011 WL 9293, at *2 (D. Colo. Jan. 3, 2011) ("Expedited discovery should be limited . . . and narrowly tailored to seek information necessary to support expedited or preliminary relief."); *Bug Juice Brands, Inc. v. Great Lakes Bottling Co.*, 2010 WL 1418032 * 1 (W.D. Mich. April 6, 2010) (denying expedited discovery as "neither 'limited' nor specific to the pending motion for a preliminary injunction"); *Qwest*, 213 F.R.D. at 420 (denying request for expedited discovery as overly broad); *See Philadelphia Newspapers, Inc. v. Gannett Satellite Information Network, Inc.,* 1998 WL 404820 (E.D. Pa. 1998) (denying motion for expedited discovery where movant's discovery requests were overly broad and not reasonably tailored to the specific issues to be addressed at the preliminary injunction hearing).

Jeffco identifies eight categories of information on which they seek to depose the three witnesses. *See* ECF No. 19 at 2-4. This information relates primarily to the details about past school trips and Plaintiffs' past communications with Jeffco regarding those trips. *Id*. Jeffco contends their requests are "narrowly tailored to address the uncertainty about who at Jeffco allegedly made the statements that form the basis of the claims and the specific factual details that appear to contradict what our investigation has shown to date." *Id.* at 4-5. While the requests do appear to be narrowly tailored, Jeffco does not

4

explain how the information sought is necessary for the resolution of the Motion for Preliminary Injunction.

In analyzing whether Jeffco has met its burden to obtain expedited discovery, the Court relies on Plaintiffs' recitation of their requested relief as stated in their objection to the requested discovery, to wit:

> Plaintiffs' motion seeks a preliminary injunction preventing Jefferson County Public Schools (JeffCo) from assigning the seven Student Plaintiffs to beds, bedrooms, and shower facilities with students of the opposite sex during any school-sponsored overnight trips. (MPI at 25). It does not ask "this Court to order Defendants to change their district-wide policy," as JeffCo contends.

ECF No. 21 at 1. Given Plaintiffs' framing of their request, Jeffco's alleged past conduct is not particularly crucial to the resolution of Plaintiffs' request for this narrow, prospective relief. To resolve the Motion for Preliminary Injunction, the Court must consider what Jeffco's policy says, how Jeffco's policy will be implemented for the upcoming student trips, and whether the policy will impact Plaintiffs' rights on those trips. As explained in *Qwest*, "preliminary injunctive relief cannot remedy harm that already has occurred . . . the moving party must come forward with evidence showing irreparable injury may occur *pendente lite* if the preliminary injunction is not granted." *Qwest*, 213 F.R.D. 418, 421 (D. Colo. 2003) (citing *Medical Equipment, Inc. v. Healthdyne, Inc.*, 582 F.Supp. 846, 848 (D.Colo.1984)). Here, as in *Qwest*, "[m]uch of the expedited discovery that [Jeffco] seeks addresses conduct that has already occurred, which would have little, if any, bearing on irreparable injuries that may occur *pendente lite*." *Id.*

As far as how the policy will be implemented going forward for purposes of resolving the Motion for Preliminary Injunction, Jeffco is in the best position to provide

information regarding their own policy. *See Colorado Montana Wyoming State Area Conf. of the NAACP v. United States Election Integrity Plan*, No. 22-CV-00581-PAB, 2022 WL 1443057, at *3 (D. Colo. May 6, 2022) (finding Plaintiffs had not made a specific showing of good cause for the categories of information sought where "Plaintiffs should be aware of much of the information that they seek" and Plaintiffs "do not explain why they cannot obtain at least some of this information from their members or whether they have even tried."). For these reasons, the Court concludes that Jeffco has not shown good cause for expedited discovery.

## IV.  CONCLUSION

For the reasons stated above, Defendants' Motion for Expedited Discovery is DENIED.

DATED: October 6, 2024

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge

6