# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-02439-RMR-NRN

JOSEPH and SERENA WAILES, et al.,

    Plaintiffs,

v.

JEFFERSON COUNTY PUBLIC SCHOOLS and
JEFFERSON COUNTY PUBLIC SCHOOLS'
BOARD OF EDUCATION,

    Defendants.

## JOINT [PROPOSED] SCHEDULING ORDER

Plaintiffs are JOSEPH and SERENA WAILES; D.W., B.W., and G.W., minors, by and through their parents, Joseph and Serena Wailes, as the minors' next friend; BRET and SUSANNE ROLLER; D.R. and B.R., minors, by and through their parents, Bret and Susanne Roller, as the minors' next friend; ROBERT and JADE PERLMAN; M.P., minor, by and through her parents, Robert and Jade Perlman, as the minor's next friend; DANIEL and ANNETTE BRINKMAN; and A.G.B. and A.D.B., minors, by and through their parents, Daniel and Annette Brinkman, as the minors' next friend. Defendants are Jefferson County Public Schools (Jeffco) and Jefferson County Public Schools' Board of Education. Plaintiffs and Defendants (collectively, "the parties") hereby submit this Joint Proposed Scheduling Order pursuant to ECF No. 9 and D.C.COLO.LCivR 16.2.

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

Date of Conference: December 17, 2024

Counsel appearing for Plaintiffs:

Katherine L. Anderson
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
Telephone: (480) 444-0020
Email: kanderson@ADFlegal.org

Noel W. Sterett
Mallory B. Sleight
ALLIANCE DEFENDING FREEDOM
44180 Riverside Parkway
Lansdowne, Virginia 20176
Telephone: (571) 707-4655
Email: nsterett@ADFlegal.org
       msleight@ADFlegal.org

Counsel appearing for Defendants:

Eric R. Olson
Isabel J. Broer
OLSON GRIMSLEY KAWANABE HINCHCLIFF & MURRAY LLC
700 17th Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 535-9151
Email: eolson@olsongrimsley.com
       ibroer@olsongrimsley.com

### 2. STATEMENT OF JURISDICTION

This case arises under the United States Constitution, including the First and Fourteenth Amendments. This Court has original jurisdiction over the Plaintiffs' federal claims under 28 U.S.C. §§ 1331 and 1343.

2

### 3.     STATEMENT OF CLAIMS AND DEFENSES

**a.     Plaintiffs:**

This case is about whether Jeffco can require students to share beds, bedrooms, and shower facilities with students of the opposite sex on school-sponsored overnight trips. This requirement violates the Plaintiffs' free exercise of religion (U.S. Const. amends. I, XIV), Student Plaintiffs' right to bodily privacy (U.S. Const. amend. XIV), and Parent Plaintiffs' fundamental right to direct their children's care, upbringing, and education (U.S. Const. amend. XIV).

Plaintiffs seek a declaration that Jeffco's policy facially and as applied by Defendants to Plaintiffs violates their First and Fourteenth Amendment rights under the United States Constitution. Plaintiffs also seek an injunction that:

a)    requires Defendants to provide Parents Plaintiffs with notice ahead of a trip that their child could be roomed with a student of the opposite sex without revealing any student's private information;

(b)    requires Defendants to honor a request by Parent Plaintiffs that their children not be placed in overnight accommodations with a person Defendants know is of the opposite sex, regardless of that person's gender identity; and

(c)    requires Defendants to honor a request by Student Plaintiffs that they not be placed in overnight accommodations with a person Defendants know is of the opposite sex, regardless of that person's gender identity.

Plaintiffs seek nominal damages, compensatory damages, and such other

3

damages to which they may be entitled as a result of how Jeffco has applied its policy in violation of Plaintiffs' rights and caused harm.

### b. Defendants:

Jeffco does not require students to share beds or shower facilities with students assigned a different sex at birth on school-sponsored overnight field trips. Rather, it has a policy that ensures that all students, including transgender students, are fully included in educational settings. The policy is neutral and generally applicable. If any student is uncomfortable with their room assignment on an overnight field trip for any reason, Jeffco will accommodate the student's request for more privacy.

Plaintiffs' claims should be dismissed because some Plaintiffs don't have standing to bring the claims and because Plaintiffs' allegations do not amount to violations of their First or Fourteenth Amendment rights. Moreover, the relief Plaintiffs seek is not feasible without exceptionally intrusive efforts—Jeffco does not and cannot know every student's sex assigned at birth absent sweeping individualized investigations—and Plaintiffs cannot show how they were injured by Jeffco's alleged past conduct.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

The parties do not currently stipulate to any facts. However, the parties will continue to work together to identify any stipulated facts that will streamline the presentation of evidence.

## 5. COMPUTATION OF DAMAGES

### a. Plaintiffs

Plaintiffs seek compensatory damages based on the violation of Plaintiffs' rights, including but not limited to those identified in the amended complaint. Plaintiffs also seek nominal damages in an amount to be determined by the trier of fact as an important vindication of the rights at issue. Plaintiffs also seek prejudgment interest on any pecuniary awards provided. Plaintiffs seek reasonable attorneys' fees, costs, expenses, and other disbursements in this action pursuant to 42 U.S.C. §§ 1988 and 2000e-5(k). Attorneys' fees will be calculated in accordance with applicable precedent if Plaintiffs prevail. Plaintiffs reserve the right to supplement this response.

### b. Defendants

Defendants do not believe Plaintiffs have any actionable claim for damages of any kind.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

### a. Date of Rule 26(f) meeting.

November 22, 2024

### b. Names of each participant and party he/she represented.

Counsel appearing for Plaintiffs:

Noel W. Sterett
ALLIANCE DEFENDING FREEDOM
44180 Riverside Parkway
Lansdowne, Virginia 20176
Telephone: (571) 707-4655
Email: nsterett@ADFlegal.org

Counsel appearing for Defendants:

Eric R. Olson
Isabel J. Broer
OLSON GRIMSLEY KAWANABE HINCHCLIFF & MURRAY LLC
700 17th Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 535-9151
Email: eolson@olsongrimsley.com
ibroer@olsongrimsley.com

    **c.**    **Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

The parties agree to exchange Rule 26(a)(1) disclosures on December 16, 2024.

    **d.**    **Proposed changes, if any, in timing or requirement of disclosures under Fed. R.Civ. P. 26(a)(1).**

The parties agreed to changing the timing of disclosures under Fed. R. Civ. P. 26(a)(1) from December 6, 2024, to December 16, 2024, because of Plaintiffs' filing of an amended complaint on December 6, 2024.

    **e.**    **Statement concerning any agreements to conduct informal discovery:**

There are no such agreements.

    **f.**    **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties agree to use a unified exhibit numbering system.

  **g.** **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

Although the parties do not anticipate that discovery will involve extensive electronically stored information (ESI), the parties are still working on a proposed order to govern the discovery of ESI.

  **h.** **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties have discussed in writing and via teleconference whether any settlement would resolve the case or whether there were mutually agreeable policy changes that would eliminate or narrow the dispute. These discussions have not been successful to date.

### 7. CONSENT

All parties <u>have not</u> consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

  **a.** **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

The parties do not propose to modify the number of depositions or interrogatories as allowed by the Federal Rules. <u>Each side shall be limited to 30 interrogatories.</u>

  **b.** **Limitations which any party proposes on the length of depositions.**

The parties do not propose to alter the length of depositions as allowed by the Federal Rules. To facilitate scheduling, the parties agree to provide good faith estimates of how long each deposition they intend to take will last. <u>For fact witnesses, depositions shall not exceed 7 hours for four deponents, all other fact depositions are limited to 4</u>

hours.  For retained experts, depositions shall not exceed 7 hours.

c.  **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

~~Plaintiffs propose to limit the number of requests for production to 40 and requests for admission to 40, given the number of plaintiffs, events in dispute, and school trips at issue.~~

~~Defendants propose to limit the number of requests for production and/or requests for admission to 25.~~

Each side shall be limited to 30 requests for production, and 30 requests for admission.

d.  **Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

The parties propose 45 days before the discovery cut-off deadline.

e.  **Other Planning or Discovery Orders**

None at this time.

### 9.  CASE PLAN AND SCHEDULE

a.  **Deadline for Joinder of Parties and Amendment of Pleadings:**

The parties propose 45 days after the scheduling conference.

b.  **Discovery Cut-off:** June 30, 2025

~~Plaintiffs propose August 29, 2025. The parties will need more time than Defendants' proposed discovery cut-off allows because there are 16 plaintiffs, a variety of different overnight trips and accommodations, and likely the maximum number of depositions allowed under the federal rules. Defendants also propose significant expert discovery.~~

~~Defendants propose May 30, 2025. This case is not complex and concluding~~

8

~~discovery by the end of the school year ensures Jeffco's employees will be available to participate in discovery.~~

    **c.**    **Dispositive Motion Deadline:**

The parties will follow Judge Rodriguez's Standing Order on Rule 56 Motions.

    **d.**    **Expert Witness Disclosure**

        **1.**    **The parties shall identify anticipated fields of expert testimony, if any.**

Defendants may use experts on the following issues: harms of discrimination to students; school and district administration; best practices for compliance with Colorado's laws on and systems for sex assigned at birth, legal gender, and official documents; damages (rebuttal).

Plaintiffs intend to utilize expert testimony to rebut Defendants' use of expert testimony and reserve the right to call an expert to support their claim to damages.

        **2.**    **Limitations which the parties propose on the use or number of expert witnesses.**

~~Plaintiffs propose to limit the use or number of expert witnesses to 1 per side.~~

~~Defendants propose to limit the use or number of expert witnesses to 4 per side~~.

<u>Each side shall be limited to 3 retained expert witnesses, absent leave of court.</u>

        **3.**    **The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before** <u>April 15, 2025.</u>

~~Plaintiffs propose May 9, 2025.~~

~~Defendants propose April 4, 2025~~.

        **4.**    **The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before** <u>May 20, 2025.</u>

9

~~Plaintiffs propose June 9, 2025.~~

~~Defendants propose May 2, 2025.~~

e.     **Identification of Persons to Be Deposed:**

Plaintiffs intend to depose those who have submitted a declaration in this case, including (Ryan Bazz, Michele DeAndrea-Austin, Tracy Dorland, John Graham, Ryan Lucas, Greg Manier, and Dr. Jack Turban), Rule 30(b)(6) designees, any experts identified by Defendants, and any additional persons with relevant information who are identified through discovery.

Defendants intend to depose the adult Plaintiffs:

Joseph Wailes,

Serena Wailes,

Bret Roller,

Susanne Roller,

Jade Perlman,

Robert Perlman,

Annette Brinkman, and

Daniel Brinkman;

student Plaintiffs to the extent that Plaintiffs intend to rely on their testimony;

non-party witnesses to disputed facts as Plaintiffs' case is understood in more detail, and

any experts identified by Plaintiffs.

**10.     DATES FOR FURTHER CONFERENCES**

[The magistrate judge will complete this section at the scheduling conference if he or

10

she has not already set deadlines by an order filed before the conference.]

    a. <u>Telephonic</u> Status conferences will be held in this case at the following dates and times: April 10, 2025 at 10:00 a.m. before Judge Neureiter. Five minutes prior to the start of the hearing, the parties shall call the conference line 571-353-2301, Access Code 841686937# to participate.

    b. A final pretrial conference will be held in this case on _____ at o'clock ____m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

### 11. OTHER SCHEDULING MATTERS

    **a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

None.

    **b. Anticipated length of trial and whether trial is to the court or jury.**

Plaintiffs anticipate a trial (if needed) lasting no longer than 4–5 days. Plaintiffs reserve the right to demand a trial by jury.

Defendants anticipate a trial lasting no longer than 10 days total. Defendants expect to use 5 days to present their case.

    ***c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.***

None.

### 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with

D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order may only be altered or amended upon a showing of good cause.

DATED at Denver, Colorado, this 17th day of December 2024.

BY THE COURT:

*N. Reid Neureiter*

N. Reid Neureiter
United States Magistrate Judge

APPROVED:

s/   Katherine L. Anderson

Katherine L. Anderson
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
Telephone: (480) 444-0020
Email: kanderson@ADFlegal.org

s/ Eric R. Olson

Eric R. Olson
OLSON GRIMSLEY KAWANABE HINCHCLIFF & MURRAY LLC
700 17th Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 535-9151
Email: eolson@olsongrimsley.com